UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-cv-00030-RLV-DSC

| | |
|---|---|
| RANDY D. LACKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **ORDER** |
| DEPUY ORTHOPAEDICS, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant DePuy Orthopaedics, Inc.'s Motion to Dismiss (Doc. # 2) and accompanying Memorandum in Support (Doc. # 3), filed March 16, 2010; Plaintiff's Memorandum in opposition to Defendant DePuy's Motion to Dismiss (Doc. #7), filed April 4, 2010; and Defendant's Reply Memorandum in Support of its Motion to Dismiss (Doc. #8), filed April 14, 2010. This matter is now ripe for disposition.

## I. Background

Plaintiff Randy D. Lackey ("Lackey") is a citizen of the state of North Carolina.[1] Compl. ¶ 1. Defendant DePuy Orthopaedics, Inc. ("DePuy") is a corporation engaged in the business of manufacturing, designing, assembling, inspecting, and distributing prosthetic hip components. *Id.* ¶ 5. On January 19, 1998, Lackey underwent hip replacement surgery. *Id.* ¶ 2. During this

---

[1] All facts are presented in the light most favorable to Plaintiff, the party opposing the Motion to Dismiss.

1

surgery, Lackey received a hip prosthetic manufactured and distributed by DePuy.[2] Subsequent to the hip replacement surgery, in approximately January 2009, the Plaintiff experienced a painful abrupt popping sensation in his left hip. Plaintiff began having discomfort and constant and severe pain in his left hip. *Id.* ¶ 7. In June 2009, Plaintiff underwent a left total hip revision, allegedly to address the damage caused by the defective hip prosthetic. *Id.* ¶ 9. Plaintiff contends that the design of the prosthetic device, the selection of the materials from which it was fabricated, the manufacturing procedures by which it was made, and the inspection procedures attendant on the manufacturer Defendant, were solely within the control of the Defendant and were the cause of the failure of the device which resulted in Plaintiff's injuries. *Id.* ¶ 10. Plaintiff's Complaint asserts claims for: (1) negligent infliction of injury, (2) breach of express warranty, and (3) breach of implied warranty.

## II. Standard of Review

When deciding a motion to dismiss, the plaintiff must allege facts in the Complaint that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will not survive a Motion to Dismiss where it contains "naked assertion[s] devoid of further factual enhancement." *Id.* at 557. Instead, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). A "claim has facial

---

[2] Lackey originally filed this suit in the North Carolina General Court of Justice, Superior Court Division, against Depuy and Biomet 3i, LLC. Lackey subsequently dismissed Biomet 3i, LLC without amending his Complaint. The Court assumes that Plaintiff's allegations in the Complaint originally designated as the responsibility of both Defendants can apply solely to Defendant DePuy.

2

plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

When ruling on a motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. Discussion

*A. Plaintiff's Claims for Negligence and Breach of Warranty Sound in Product Liability*

As a threshold issue, this Court must determine the nature of the Plaintiff's claims. Plaintiff's Complaint asserts the following claims: (1) negligent infliction of injury; (2) breach of implied warranty; and (3) breach of express warranty. Defendant contends that Plaintiff's claims are multiple ways of asserting a product liability action.

A " '[p]roduct liability action' includes any action brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, selling, advertising, packaging, or labeling of any product." *Couick v. Wyeth, Inc.*, 691 F. Supp. 2d 643, 645 (W.D.N.C. 2010) (citing N.C. Gen. Stat. §99B-1(3)). A thorough review of Plaintiff's Complaint reveals that Plaintiff's claims all stem from the purchase of an allegedly defective hip prosthetic designed and manufactured by DePuy. Plaintiff alleges personal injury and damages caused by the purportedly defective hip prosthetic.

3

Artful pleading does not allow Plaintiff to transform product liability claims into claims sounding in negligence and breach of warranty. *See Couick v. Wyeth, Inc.*, No. 3:09-cv-00210-RJC-DSC, 2010 WL 785952, at *2 (W.D.N.C. March 8, 2010) (holding that each of Plaintiff's 11 claims for relief, ranging from negligence to unfair and deceptive trade practices, was grounded in the injuries Plaintiff allegedly suffered from the inadequate warnings associated with defendants' drug and, therefore, constituted a single product liability action). Plaintiff's claims clearly fall within North Carolina's definition of a product liability action.

*B. Plaintiff's Claims are Barred by the Statute of Repose*

Defendant contends that this Court should dismiss Plaintiff's claims because they are barred by the product liability statute of repose. Plaintiff argues that the applicable statute of repose is N.C. Gen. Stat. § 1-46.1, which would provide Plaintiff with twelve years from the initial purchase date to bring a claim for an injury resulting from the defective prosthetic hip. Defendant argues that the applicable statute of repose is N.C. Gen. Stat. § 1-50(a)(6), which was in effect at the time Plaintiff purchased the allegedly defective product. This Court agrees with Defendant.

All product liability claims, regardless of their nature, are subject to a statute of repose. *Nat'l Property Investors, VIII v. Shell Oil Co.*, 950 F. Supp. 710, 713 (E.D.N.C. 1996); *Colony Hill Condominium I Ass'n v. Colony Co.*, 320 S.E.2d 273 (N.C. Ct. App. 1984), *review denied*, 325 S.E.2d 485 (1985) (noting that the North Carolina legislature intended that the product liability statute of repose cover "the multiplicity of claims that can arise out of a defective product"). Compliance with the statute of repose is a condition precedent to a product liability action. *See Winslow v. Dedmon*, 615 S.E.2d 41, 44 (N.C. Ct. App. 2005) (noting that unlike a statute of limitations which affects a plaintiff's remedy and not his right to recover, the statute of

4

repose establishes a time period in which suit must be brought in order for the cause of action to be recognized). "If the action is not brought within the specified time period, the plaintiff literally has *no* cause of action." *Id.* at 615 S.E.2d at 44 (emphasis in original). A statute of repose bars a right of action even before injury has occurred, in instances when the injury occurs outside of the prescribed time period. *Bollick v. Am. Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982). The purpose of the statute of repose is to "limit the manufacturer's liability at some *definite point in time.*" *Chicopee, Inc. v. Sims Metal Works, Inc.* 391 S.E.2d 211, 214 (N.C. Ct. App. 1990) (emphasis in original).

Plaintiff purchased the allegedly defective hip in January 1998. The applicable statute of repose for a product liability claim for the period of October 1, 1979, through October 1, 2009, was N.C. Gen. Stat. § 1-50(a)(6), which provides that:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

N.C. Gen. Stat. § 1-50(a)(6). This statute functions as an "unyielding and absolute barrier" to claims brought more than six years after the product at issue was purchased. *Nat'l Property Investors, VIII v. Shell Oil*, 950 F. Supp. 710, 713 (1996). The statute "is intended to be a substantive definition of rights which sets a fixed limit after the time of the product's manufacture beyond which the seller will not be held liable." *Id.* (quoting *Bryant v. Adams*, 448 S.E.2d 832, 836 (N.C. Ct. App. 1994), *review denied*, 454 S.E.2d 647 (1995). "This statute gives the defendant a 'vested right not to be sued' if the plaintiff fails to file within the six-year period." *Id.* As such, in order for Plaintiff to have a cognizable product liability claim against DePuy, Plaintiff must have asserted the claim within six years of the initial purchase of the

5

allegedly defective prosthetic hip device. Plaintiff failed to bring any claim against Defendant within the time period established by the statute of repose. Put another way, Plaintiff's claims were barred and extinguished by the statute of repose on January 19, 2004. It is undisputed that Plaintiff filed this action approximately 12 years after Plaintiff's initial use and consumption of the subject prosthetic hip device. Accordingly, the statute of repose is an insurmountable bar to any recovery by Plaintiff.

### C. N.C. Gen. Stat. § 1-46.1 Does Not Apply to This Case

Plaintiff argues that the applicable statute of repose in the instant case is N.C. Gen. Stat. § 1-46.1,[3] which provides that:

> No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption.

N.C. Gen. Stat. § 1-46.1. Plaintiff argues that because Plaintiff purchased the prosthetic hip device on January 19, 1998 and then filed the present action on January 14, 2010, it is apparent from the face of the Complaint that Plaintiff did bring this action within the time limit established by N.C. Gen. Stat. § 1-46.1. Plaintiff's argument is misplaced.

The thrust of Plaintiff's argument is that when the North Carolina General Assembly modified the statute of repose for product liability claims in 2009 it revived Plaintiff's claim. Plaintiff's argument misses the mark and has been specifically rejected by the North Carolina

---

[3] In 2009, N.C. Gen. Stat. § 1-50(a)(6) was repealed by Session Law 2009-420, effective October 1, 2009. Session Law 2009-420 applies only to causes of action that accrue on or after October 1, 2009. *See* Act of Aug. 5, 2009, S.L. 2009-420 § 3 (2009) (clarifying and reforming the statutes of limitation and repose in product liability actions). Even when viewing the facts in the light most favorable to Plaintiff, Plaintiff's cause of action accrued on or about January 2009. As a result, N.C. Gen. Stat. § 1-46.1., by its terms, does not apply to the instant case.

Supreme Court and the North Carolina Court of Appeals. *McCarter v. Stone & Webster Eng'g Corp.*, 104 S.E.2d 858 (N.C. 1958); *Colony Hill Condominium I Ass'n v. Colony Co.*, 320 S.E.2d 273 (N.C. Ct. App. 1984)*, review denied*, 325 S.E.2d 485 (1985). In *Colony Hill*, the North Carolina Court of Appeals held that the real property statute of repose in effect at the time the plaintiff purchased a condominium applied despite the fact that a subsequently-enacted law extended the statute of repose. *Colony Hill*, 320 S.E.2d at 275-76. The Court of Appeals went on to reject the plaintiff's argument that the subsequently-enacted statute of repose revived Plaintiff's claims. *Id.* Similarly, in *McCarter*, the North Carolina Supreme Court held that a subsequent statute extending the time for filing a claim after a worker's compensation accident did not revive the plaintiff's claim. Plaintiff fails to present any argument addressing why the newly-enacted statute of repose in the instant case would revive a previously extinguished claim. The precedent set forth in *McCarter* and *Colony Hill* provides further support for the dismissal of Plaintiff's claims under N.C. Gen. Stat. § 1-50(a)(6).

The analysis articulated in *McCarter* and *Colony Hill* is also consistent with the legislative intent and purpose behind the statute of repose. As the North Carolina Supreme Court has explained, statutes of repose are distinguishable from ordinary statutes of limitation in that they begin to run "at a time unrelated to the traditional accrual of the cause of action." *Bollick v. Am. Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982). Unlike statutes of limitation which are procedural in nature, statutes of repose are substantive, deriving their substantive quality from the fact that they will bar a right of action even before injury has occurred if the injury occurs subsequent to the prescribed time period. *Id.* The intent of the legislature in enacting the statute of repose was "to limit the manufacturer's liability at some *definite point in time*." *Chicopee, Inc. v. Sims Metal Works, Inc.*, 391 S.E.2d 211, 214 (1990) (emphasis in original) (citing *Tetterton v.*

7

*Long Mfg. Co.*, 332 S.E.2d 67, 74 (1985)). The legislature wanted to avoid subjecting manufacturers to "open-ended liability created by allowing claims for an *indefinite* period of time after the product was first sold and distributed." *Id.* (emphasis in original). Because the statute of repose is a condition precedent, it establishes a time period in which suit must be brought for a cause of action to be recognized – if the condition precedent is not met, the court does not acquire jurisdiction. *Nello L. Teer Co. v. N.C. Dep't of Transp.*, 625 S.E.2d 135, 137 (N.C. Ct. App. 2006).

In sum, N.C. Gen. Stat. § 1-50(a)(6) set the fixed time limit at six years from the time of the product's sale or delivery beyond which DePuy cannot be liable for a product sold in 1998. A statute enacted after expiration of that six-year period, such as N.C. Gen. Stat. § 1-46.1, cannot change that outcome. Accordingly, Plaintiff's Complaint must be dismissed.

### IV. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Defendant's Motion to Dismiss (Doc. #2) is **GRANTED.** All of Plaintiff's claims are therefore dismissed and the case is closed.

Signed: July 14, 2011

Richard L. Voorhees
United States District Judge